IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       v.                                              13-CR-53

NICHOLAS MUSSOLINI
a/k/a Nichole Mussolini,

                  Defendant.



## PLEA AGREEMENT

The defendant, NICHOLAS MUSSOLINI, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Section 1343 [Wire Fraud] for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.     The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime[s]:

(a)   That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses;

(b)   That the defendant acted with the intent to defraud; and

(c)   That in advancing, furthering, or carrying out the scheme, the defendant transmitted any wiring, signal, or sound, by means of a wire communication in interstate commerce, or caused the transmission of any writing, signal, or sound, of some kind, by means of a wire communication in interstate commerce.

## FACTUAL BASIS

4.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   Between in or about August 2011 and in or about May, 2012 the

defendant, NICHOLAS MUSSOLINI, resided in Williamsville, New York, in the Western District of New York, and purported to be the owner of a finance company known as Preston Waters Corporation ("PWC"). MUSSOLINI advertised, and represented to clients and representatives of clients, that he could obtain funding or financing for business ventures, films, and other projects. The defendant sent fraudulent e-mails to clients and representatives of clients that included offers to obtain funding, agreements to obtain funding, and assurances that funding was forthcoming.

## Count 1

b.      Beginning in or about September 2011 and continuing through on or about January 18, 2013, in the Western District of New York, and elsewhere, the defendant, NICHOLAS MUSSOLINI, did devise, and intend to devise, a scheme and artifice to defraud Knob Hall Winery ("Knob Hall") of money, and to obtain money from Knob Hall by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice, did transmit, and cause to be transmitted, by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds.

It was part of the scheme and artifice that the defendant, NICHOLAS MUSSOLINI, told representatives of Knob Hall that PWC had the ability to obtain a loan for Knob Hall through a third party, and entered into an agreement with Knob Hall, wherein, Knob Hall was to provide $558,000 to the defendant, NICHOLAS MUSSOLINI, which was to be used by the defendant for purposes of obtaining an $11,058,000 loan for Knob Hall from a third party. The defendant, NICHOLAS MUSSOLINI, further told representatives of Knob Hall that they were entitled to a refund of the $558,000 within 30 days if funding was not received.

In furtherance of the scheme, on or about February 4, 2012, the defendant, NICHOLAS MUSSOLINI, sent an e-mail to H.S., a representative of Knob Hall, to which were attached five documents on PWC letterhead, setting forth the terms of the agreement between PWC and Knob Hall, as described above. Each document bore the electronic signature of the defendant, NICHOLAS MUSSOLINI, as Chief Executive Officer of PWC. The documents included instructions for wiring funds to PWC.

Eventually, relying on the defendant, NICHOLAS MUSSOLINI's false and fraudulent representations, H.S., acting on behalf of Knob Hall, caused $458,000 to be wired from his Citibank Account to PWC,

through an intermediary. The defendant, NICHOLAS MUSSOLINI, used the $451,100 provided by Knob Hall for various expenditures, and the funds were not applied towards the costs of obtaining a loan or financial instrument for Knob Hall. In furtherance of this scheme, the defendant caused six wires to be transmitted in interstate commerce, and caused a loss to Knob Hall in the amount of $308,000.

**Relevant Conduct**

c.    The defendant engaged in similar fraudulent schemes with respect to the following companies, and for the purpose of executing the schemes and artifices, did cause to be transmitted, by means of wire communication in interstate commerce, 27 additional communications. As a result of the defendant's fraudulent schemes, the companies suffered financial losses as specified below:

| Company | Loss |
| --- | --- |
| Springtree Studios | 0 |
| ICU Films | $150,000 |
| Greenwomb Productions | 0 |
| Applecreek Productions | $425,782 |
| Up the Creek Productions | $145,000 |

d.    In total, the defendant caused financial losses to the victims of the aforementioned schemes, in the amount of $1,013,782.

### III.   SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.     The government and the defendant agree that Guidelines § 2B1.1(a)(1) applies to the offense of conviction and provides for a base offense level of 7.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.     The government and the defendant agree that the following specific offense characteristics do apply:

a.     § 2B1.1(b)(1)(I):  the total loss (including relevant conduct) was in excess of $1,000,000 (namely, $1,013,780) and thus there is a 16 offense level increase.

b.     the two level increase pursuant to Guidelines § 2B1.1(b)(10)(C) (offense involved sophisticated means).

## ADJUSTED OFFENSE LEVEL

8.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 25.

## ACCEPTANCE OF RESPONSIBILITY

9.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional

one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 22.

## CRIMINAL HISTORY CATEGORY

10.    It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.    It is the understanding of the government and the defendant that, with a total offense level of 22 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 41 to 51 months, a fine of $7,500 to $75,000, and a period of supervised release of 1 to 3 years.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

12.    The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or

recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

14.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to wire fraud, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

15.   At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court. The government reserves

the right to take a position as to the amount and method of payment for restitution and/or

fine.

16.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.      respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17.     At sentencing, the government will move to dismiss the open counts of the

Indictment in this action.

## VI.    RESTITUTION AND FINANCIAL PENALTY PROVISIONS

18.     The defendant understands that the Court must require restitution in the

amount of $308,000.00 to Knob Hall, $150,000.00 to ICU Films, $425,782 to Applecreek

Productions, and $145,000.00 to Up the Creek Promotions, as part of the sentence pursuant

to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A.

19.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

20.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

21.     The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States.  The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

22.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

## VII.   APPEAL RIGHTS

23.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to

argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VI of this agreement.

24. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. COOPERATION

26. The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to wire fraud, bank fraud, mail fraud, and other fraudulent schemes. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as

testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

27.    The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.   The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

28.    In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to wire fraud, related to the following companies and/or any related companies: Preston Waters VT Holdings, LLC; Preston Waters Corporation; Preston Waters Group; Preston Waters Companies; Nicholas Preston, Inc.; and Preston Waters Entertainment, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

29.    Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly

derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

30.     Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines 4 levels as provided for in Guidelines § 5K1.1, which, if granted by the Court, would result in a total offense level of 18 and a sentencing range of 27 to 33 months imprisonment.  The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

31.     This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.  This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

32.     It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes.  It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate

information and testimony and not withhold information from the government or refuse to testify truthfully and completely.  Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

33.    In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

34.    In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence.  In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

-14-

35.    If the "Cooperation" section of this agreement is declared breached by the

Court:

a.    the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b.    the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c.    the defendant has no right to withdraw the plea of guilty;

d.    the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.    the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government.  Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to wire fraud which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

36.    At the time of sentencing, the government will make the nature and extent of

the defendant's compliance with this agreement known to the Court.  The government and

the defendant will request that sentencing be adjourned until full satisfaction by the

defendant of the terms of this agreement.  In the event the defendant is sentenced prior to

the completion of the defendant's cooperation with the government, the government

reserves the right to modify any recommendation to be made by the government at

sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

37.   The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## IX.   CIVIL ACTION

38.   Defendant waives and agrees not to assert in any civil lawsuit arising from the conduct which gave rise to the criminal charges that are the subject of this plea any defense based on the double jeopardy or excessive fines clauses of the Constitution.

## X.   TOTAL AGREEMENT AND AFFIRMATIONS

39.   This plea agreement represents the total agreement between the defendant, **NICHOLAS MUSSOLINI**, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:   _____
MAURA K. O'DONNELL
Assistant United States Attorney

Dated:  December 9 , 2013

-16-

I have read this agreement, which consists of 17 pages.  I have had a full opportunity to discuss this agreement with my attorney, FONDA KUBIAK, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
NICHOLAS MUSSOLINI
Defendant

Dated:  December __9__, 2013

_____
FONDA KUBIAK, ESQ.
Attorney for the Defendant

Dated:  December __9__, 2013

-17-